ARGOS RESOURCES, INC., Appellant,

v.

MAY PETROLEUM INC., Appellee.

No. 05–84–01139–CV.

Court of Appeals of Texas,
Dallas.

May 17, 1985.

Rehearing Denied July 10, 1985.

Scott A. Henderson, Dallas, for appellant.

William J. Albright, Johnson & Swanson, Dallas, for appellee.

Before SPARLING, WHITHAM and DEVANY, JJ.

WHITHAM, Justice.

Appellant, Argos Resources, Inc., appeals from a judgment in favor of appellee, May Petroleum Inc. We find no merit in any of Argos' eight points of error. Accordingly, we affirm.

May sued Argos on an oilfield operating agreement dated October 21, 1981. The agreement provided that May, the operator, would commence drilling of a well on or before December 31, 1981. Argos was required to pay 15% of the costs and liabilities May incurred in drilling the well. On or about December 31, 1981, Argos paid May $32,925.00, 15% of the estimated drilling cost. May actually did not begin drilling the well until January 24, 1982. Fifteen percent of the actual cost of drilling the well turned out to be $49,735.66, $16,-810.66 more than the amount Argos had already paid. May sued Argos for what it considered the balance due for the actual drilling costs. The trial court entered a judgment awarding May $16,810.66.

We first note that Argos has cited no authority under its points of error three, four, six and seven. Argos has consequently waived these points of error. *Hatch v. Davis,* 621 S.W.2d 443, 447 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). Therefore, we turn to the merits of Argos' remaining points.

In its first point of error, Argos contends that the trial court erred in finding that time was not of the essence. Argos' apparent position is that since May failed to begin drilling by December 31, 1981, May cannot recover, given the principle that when time is of the essence of a contract a party must perform in strict compliance within the time prescribed to be entitled to any relief. *Neco Engineering Co. of Texas v. Lee,* 487 S.W.2d 185, 187 (Tex.Civ.App.—Waco 1972, no writ); *see Liedeker v. Grossman,* 146 Tex. 308, 313, 206 S.W.2d 232, 234–35 (1947).

In support of its position, Argos cites *Investors Utility Corp. v. Challacombe,* 39 S.W.2d 175 (Tex.Civ.App.—Waco 1931, no writ). The court in *Challacombe* did state that "it is generally held that in oil and gas mining leases and contracts for the drilling of oil and gas wells time is of the essence of the contract...." *Challacombe,* 39 S.W.2d at 178. However, the court's rationale for this observation was that "[t]his is because of the vagrant and fugitive nature of oil and gas, their liability to wander or be drawn elsewhere, if not developed, the constant shifting of the field of operation, and the fluctuation in value and the opportunity of the lessee to injure or oppress the lessor by delaying developments." *Challacombe,* 39 S.W.2d at 178. Thus, the court's stated rationale makes it plain that the "contracts for drilling of oil and gas wells" it had spoken of earlier were drilling contracts connected with oil or gas lease arrangements. Argos also cites 14 TEX.JUR.3d *Contracts* § 227 (1981) and 42 TEX.JUR.2d *Oil and Gas* § 110 (1963). We have examined the cases cited in these sections and we have found that all of them concern either lease arrangements or sales of mineral rights. None of them concern either an operating agreement, such as in the present case, or even a simple contract for the drilling of a well.

We conclude, rather, that the most relevant authorities indicate that time is *not* necessarily of the essence in an oilfield operating agreement. *See Matador Drilling Co., Inc. v. Post,* 662 F.2d 1190, 1197 (5th Cir.1981); *cf., Williams v. Shamrock Oil & Gas Co.,* 128 Tex. 146, 152–55, 95 S.W.2d 1292, 1295–96 (1936) (in drilling contract, time not necessarily of the essence with respect to all provisions and all parties). The fact that the contract states

a date for performance does not, of itself, mean that time is of the essence. *Laredo Hides Co., Inc. v. H & H Meat Products Co., Inc.*, 513 S.W.2d 210, 217 (Tex.Civ.App. —Corpus Christi 1974, writ ref'd n.r.e.). Ordinarily, time is not of the essence of a contract. *Laredo Hides*, 513 S.W.2d at 216. Oilwell drilling contracts which are not part of lease arrangements are subject to the substantial performance doctrine. *Triton Oil & Gas Corp. v. E.W. Moran Drilling Co.*, 509 S.W.2d 678, 682 (Tex.Civ. App.—Fort Worth 1974, writ ref'd n.r.e.). This means that a party to the contract may recover for substantial performance though his performance is less than literal and complete. *Matador*, 662 F.2d at 1194–95. *Atkinson v. Jackson Bros.*, 270 S.W. 848, 851 (Tex.Comm'n App.1925, holding approved); *Perryman v. Sims*, 506 S.W.2d 753, 754–56 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.). Therefore, in the absence of some definite indication that the parties intend time to be of the essence, a driller's failure to begin drilling on a specified date will not of itself vitiate the drilling contract, unless the drilling contract is part of an oil or gas lease arrangement. *Houy v. Davis Oil Co.*, 175 Colo. 180, 486 P.2d 18, 21 (1971); *see also Langley v. Norris*, 167 S.W.2d 603, 612 (Tex.Civ.App.—Eastland 1942), *aff'd*, 141 Tex. 405, 173 S.W.2d 454 (1943). Argos has referred this court to nothing in the contract or surrounding circumstances which would indicate that time was of the essence. Thus, we conclude that the operating agreement in the present case falls under the two general rules that time is ordinarily not of the essence and that a driller need only prove substantial performance to recover on his contract. We conclude further that time was not of the essence in the operating agreement before us and that May consequently did not forfeit its rights under the agreement when it failed to begin drilling on or before December 31, 1981. We overrule Argos' first point of error.

■ Argos' second point of error is that the trial court erred in finding that May had satisfied all conditions precedent so as to require Argos to pay for its proportion-ate share of the well drilled on January 24, 1982. Argos argues that May failed to satisfy a condition precedent by failing to drill on or before December 31, 1981. The clause in the contract which stated that May was to begin drilling on or before December 31, 1981, would have had the effect of a condition precedent only if time had been of the essence. We have held that time was not of the essence in this agreement. We overrule Argos' second point of error.

■ Argos' fifth point of error, in substance, is that May cannot recover because it failed to plead or prove estoppel, waiver, ratification, modification of the contract, or entitlement to recovery under *quantum meruit*. Argos' argument in its brief reveals that this point of error is grounded on the assumption that May cannot recover on the operating agreement because time was of the essence of that agreement. Since we have rejected that assumption, we overrule this point of error.

■ In its eighth point of error, Argos contends that the trial court erred in finding that all offsets and credits due Argos were credited and that after all offsets and credits, Argos owed May $16,810.66. Argos contends further that "all evidence shows" that Argos is entitled to an offset of $5,179.16 for casing costs which, according to Argos, May wrongfully concealed from Argos. Argos does not, under its eighth point of error, refer this court to the evidence which allegedly shows that May concealed casing costs from Argos. However, under its sixth point of error, Argos argues that a May representative admitted that May knew that additional casing costs would increase the original cost estimate by more than 10% in December 1981, but that May failed to send to Argos and the other participants a supplemental cost estimate, or "authority for expenditure," until July 1982, when May had already plugged and abandoned the well. We conclude that this evidence does not permit a determination by this court that the trial court's finding that all offsets had been credited

was either incorrect as a matter of law or against the great weight and preponderance of the evidence. We reach this conclusion because failure to send the supplemental cost estimate might have been merely negligent or justified by some other circumstances. Furthermore, this court is not required to search the record for further evidence to support Argos' contention. *Saldana v. Garcia,* 155 Tex. 242, 248, 285 S.W.2d 197, 200–01 (1955); *Widmer v. Stamps,* 663 S.W.2d 875, 880 (Tex.App.— Houston [14th Dist.] 1983, no writ). We overrule Argos' eighth and final point of error.

Affirmed.