ACCEPTED
03-15-00261-CV
6750181
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/1/2015 3:42:02 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00261-CV**

In the Third Court of Appeals

Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/1/2015 3:42:02 PM
JEFFREY D. KYLE
Clerk

**DAVID YOUNG,** *APPELLANT*

*v.*

**JP MORGAN CHASE BANK**, *APPELLEE*

APPEAL FROM CAUSE NO. D-1-GN-12-000590
126TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS
HON. DARLENE BYRNE PRESIDING

**APPELLANT'S BRIEF**

Stephen Casey
Texas Bar No. 24065015

CASEY LAW OFFICE, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
info@caseylawoffice.us

ORAL
ARGUMENT
REQUESTED

*Counsel for Appellant*
*David Young*

i

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes this Court can reverse and remand this case based on the record. Should the Court desire oral argument, Appellant is ready to participate.

**IDENTIFICATION OF PARTIES AND COUNSEL**

*Appellant*  
T. David Young

*Trial and Appellate Counsel for Appellant*

(Trial)  
Mark Cohen  
805 W. 10th Street, Suite 100  
Austin, TX 78701

(Appellate)  
Stephen Casey  
Casey Law Office, P.C.  
595 Round Rock West Drive  
Suite 102  
Round Rock, Texas 78681  
Phone: 512-257-1324

*Appellee*

JP Morgan Chase Bank

*Trial and Appellate Counsel for Appellees*

(Trial)  
Scott King Field  
Kent E. Wymore IV  
The Field Law Firm, PLLC  
5910 Courtyard Drive, Suite 255  
Austin, Texas 78759

(Appellate)  
Marcie L. Schout  
Quilling, Selander, Lownds,  
Winslett, & Moser, P.C.  
2001 Bryan Street, Suite 1800  
Dallas, TX 75201  
mschout@qslwm.com

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES**.................................................................................. 1

**STATEMENT OF THE CASE** ............................................................................ 1

**ISSUE PRESENTED** ........................................................................................... 1

1.      Under Texas law, whether time is of the essence is a fact issue. Further, time is not of the essence of a contract unless (1) the contract explicitly states such, or (2) the nature of the contract demands it. With neither condition present below, and the delay involved Chase's unclean hands, should the trial court's summary judgment be reversed? ................................................... 1

**STATEMENT OF FACTS**.................................................................................... 2

    Young is sued under TRCP 736 and makes a counterclaim............................... 2

    Young and Chase enter into a settlement agreement requiring Chase to do "any and all" reasonable further act to "consummate" the sale. ...................................................................................................... 2

    The loan cannot fund on time due to an non-waivable federal law..................... 3

    Chase is sent a request for a new payoff letter to consummate the sale. ...................................................................................................... 3

    Chase refuses to send a new payoff letter in order to consummate the sale. ...................................................................................................... 4

**SUMMARY OF THE ARGUMENT**................................................................... 4

**STANDARD OF REVIEW** ................................................................................. 4

**ARGUMENT**.........................................................................................................5

1.    Time is never of the essence in a contract unless it is (1) expressly stated, or (2) the nature of the contract demands it. Here, neither condition existed. ....................................... 5

    a.    There was no explicit statement that time was of the essence, and the nature of the contract did not require such performance, even though stated. ................................................................... 7

    b.    Nothing in the nature or the purpose of the contract, or the circumstances surrounding it, required the date of August 1 as the date of performance. ............................................................ 7

2.    Chase's unclean hands should prevent it from reaping a windfall here because it refused to provide a payoff in order for Young to comply with the non-waivable three-day right of rescission. .................................................. 9

CONCLUSION ................................................................................. 11

CERTIFICATE OF COMPLIANCE .................................................. 12

CERTIFICATE OF SERVICE ........................................................... 12

# INDEX OF AUTHORITIES

**Cases**

*Argos Resources, Inc. v. May Petroleum, Inc.*,
    693 S.W.2d 663 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) .......................... 7

*Builders Sand, Inc. v. Turtur*,
    678 S.W.2d 115 (Tex. App.—Houston [14th Dist.] 1984,
    no writ) .................................................................................................. 7

*Diversicare Gen. Partner, Inc., v. Rubio*, 185 S.W.3d 843 (Tex. 2005) .......................... 5

*Dunnagan v. Watson*, 204 S.W.3d 30, 41 (Tex. App.—Fort Worth
    2006, Pet. Denied) ................................................................................. 10

*Fox v. O'leary*, 2012 Tex. App. Lexis 5714 (Tex. App.—Austin
    July 10, 2012). ....................................................................................... 10

*Ganz v. Lyons Pshp., L.P.*, 961 F. Supp. 981, 986 (N.D. Tex.
    1997) ...................................................................................................... 8

*Herbert v. Herbert*,
    754 S.W.2d 141 (Tex. 1988) ................................................................... 5

*Hing Bo Gum v. Nakamura*,
    549 P.2d 471 (Haw. 1976) ...................................................................... 6

*In Re Francis*,
    186 S.W.3d 534 (Tex. 2006) ................................................................. 10

*In Re: Theresa Caballero, Relator*,
    441 S.W.2d 574 (Tex. App.—El Paso 2014, no pet.) ................................. 8

*Laredo Hides Co., Inc. v. H & H Meat Products Co., Inc.*,
    513 S.W.2d 210 (Tex. Civ. App.—Corpus Christi 1974,
    writ ref'd n.r.e.) .................................................................................. 6, 7

*Lockhart-Hutchens v. Bergstrom*,
    434 S.W.2d 453 (Tex. Civ. App.—Austin 1968, writ ref'd
    n.r.e.) ............................................................................................. 6, 7, 8

*Meisler v. Smith*,
814 F.2d 1075 (5th Cir. Tex. 1997) .................................................................. 6

*Seismic & Digital Concepts, Inc. v. Digital Resources Corp.*,
590 S.W.2d 718 (Tex. Civ. App.—Houston [1st Dist.]
1979, no writ) ...................................................................................................... 7

*Shaw v. Kennedy, Ltd.*,
879 S.W.2d 240 (Tex. App.—Amarillo 1994, no writ) .................................. 7

*Siderius, Inc. v. Wallace Co.*,
583 S.W.2d 852 (Tex. App.—Tyler, 1979) ............................................... 6, 8

*Valence Operating Co. v. Dorsett*,
164 S.W.3d 656 (Tex. 2005) ................................................................................ 5

# STATEMENT OF THE CASE

*Nature of the Case:*   This suit involves a home equity loan, CR.4-7, that ended in a settlement, CR.220-227 and, inter al., an alleged breach of contract claim arising from the settlement agreement. CR.97-99.

*Course of Proceedings:*   The parties settled out the case. A dispute arose during the execution of the signed settlement agreement. The trial court awarded summary judgment on an alleged breach of that agreement. CR.350-352.

*Trial Court's Disposition:*   The district court signed a final order on February 5, 2015. CR.350-52. Appellant timely filed a motion for new trial. CR.353-61. The trial court requested subsequent briefing on the motion for new trial. CR.362-76. The trial court, after briefing, denied the motion. CR.378. Appellant timely filed a notice of appeal. CR.380-81.

# ISSUE PRESENTED

1. **Under Texas law, whether time is of the essence is a fact issue. Further, time is not of the essence of a contract unless (1) the contract explicitly states such, or (2) the nature of the contract demands it. With neither condition present below, and the delay involved Chase's unclean hands, should the trial court's summary judgment be reversed?**

1

## STATEMENT OF FACTS

### Young is sued under TRCP 736 and makes a counterclaim.

On December 19, 2000, Young made a home equity loan with Long Beach Mortgage Company. CR.4. After an alleged default, CR.5, Chase attempted to foreclose via TRCP 736. CR.4-5. Young counterclaimed for declaratory relief and raised defenses of limitations and res judicata. CR.19-20. The property is Young's homestead. CR.322.

### Young and Chase enter into a settlement agreement requiring Chase to do "any and all" reasonable further act to "consummate" the sale.

During the course of the litigation, Young and Chase entered into a settlement agreement whereby Young would procure a refinance of the mortgage lien and pay off the lien. CR.32-51. This was April 9, 2014. *Id.* The settlement agreement requires both parties to take all actions "reasonably necessary" that may be needed to "consummate" the transaction, even actions beyond those specified in the agreement. CR.35. The section reads (with bold title in original):

> 12. **Further Acts**. In addition to the acts recited in this Agreement, the parties agree to perform, or cause to be performed on the date of this Agreement, or thereafter, any and all such further acts as may be reasonably necessary to consummate the transactions contemplated in this Agreement.

*Id.*

**The loan cannot fund due to a non-waivable federal law.**

As part of that agreement, the parties negotiated a date of August 1, 2014, for the date of payoff. CR.33. Young was unable to make that date. On July 29, 2014, prior to the deadline, Young requested a payoff through August 31, 2014. CR.54. Young's realtor, Terie Bradford, whose affidavit was submitted in response to Chase's summary judgment motion, explains the delay. CR.320-21. She identifies that her first appraisal for the property for the loan review process differed greatly from her second appraisal. CR.320. The lower second appraisal required a delay in loan processing. *Id.* Because federal law mandated a non-waivable three-day right of rescission, an updated payoff was requested from Chase. CR.320. She was ready to close on July 31, 2014, but due to the federal mandate the loan would not fund before the right of rescission expired on August 4, 2014. *Id.* The extension needed was only five days. *Id.* This was pleaded before the Court in Young's Third Amended Petition. CR.160.

**Chase is sent a request for a new payoff letter to consummate the sale.**

Chase was notified of the problem on two occasions. CR.251-52. The first was ***prior*** to the deadline. CR.251 (July 29 email). The second was August 5, 2015. CR.252.

3

**Chase refuses to send a new payoff letter in order to consummate the sale.**

On August 5, 2014, after the deadline, Chase responded. CR.252. It refused to send a payoff letter. *Id.* It also refused to grant a brief extension. CR.252. Young's attorney, in an email, attempted to point out to Chase that it was acting inequitably with unclean hands by refusing to extend the deadline. CR.260.

## SUMMARY OF THE ARGUMENT

The lower court failed to properly apply Texas law regarding construction of the settlement agreement. Time is never of the essence unless explicitly stated or the nature of the agreement demands it. Neither condition was present here.

Further, Chase's own failure to provide a payoff when requested contributed any alleged breach; thus, they come to this Court with unclean hands and should not be awarded a windfall. By refusing to conduct a further act that would permit consummating the transaction, and because time was not of the essence, Chase should not profit.

## STANDARD OF REVIEW

The review of summary judgment is de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A reviewing court on summary judgment does not presume the judgment is correct. *See Diversicare Gen. Partner, Inc., v. Rubio*, 185 S.W.3d 843, 846 (Tex. 2005). The court examines the "entire record in the

4

light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

## ARGUMENT

The lower court ignored the factual nature the issue presented demands (i.e., inappropriate for summary judgment), failed to properly apply Texas law regarding construction of the settlement agreement, and permitted Chase's unclean hands to bring it a windfall. These points will be addressed in order.

**1. Time is never of the essence in a contract unless it is (1) expressly stated, or (2) the nature of the contract demands it. Here, neither condition existed.**

"It is settled that time is not the essence" in a land conveyance contract "in which the purchase money is to be paid at a future day." *Lockhart-Hutchens v. Bergstrom*, 434 S.W.2d 453, 456 (Tex. Civ. App.—Austin 1968, writ ref's n.r.e.). This Court's well-reasoned opinion in *Lockhart-Hutchens* has been cited by the Tyler Court of Appeals in 1979, the federal Fifth Circuit Court of Appeals in 1997, and even by the Hawaii Supreme Court in 1976. *See Siderius, Inc. v. Wallace Co.*, 583 S.W.2d 852, 864 (Tex. App.—Tyler, 1979); *see also Meisler v. Smith*, 814 F.2d 1075, 1081 (5th Cir. Tex. 1997); *Hing Bo Gum v. Nakamura*, 549 P.2d 471, 475 (Haw. 1976).

Time is not of the essence of a contract unless the contract explicitly makes it

5

so or the contract is of such a nature or purpose that it indicates the parties' intention that they must perform the contract at or within the time specified. *Laredo Hides Co., Inc. v. H & H Meat Products Co., Inc.*, 513 S.W.2d 210, 216 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.); *Siderius, Inc.*, 583 S.W.2d at 863; *see also Shaw v. Kennedy, Ltd.*, 879 S.W.2d 240, 246 (Tex. App.—Amarillo 1994, no writ) (holding that time of performance is not a material term of an agreement).

Texas courts hold that even designation of a particular date for performance does not, of itself, indicate time is of the essence. *Seismic & Digital Concepts, Inc. v. Digital Resources Corp.*, 590 S.W.2d 718, 720 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ); *Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 118 (Tex. App.—Houston [14th Dist.] 1984, no writ); *Argos Resources, Inc. v. May Petroleum, Inc.*, 693 S.W.2d 663, 664-65 (Tex. App.—Dallas 1985, writ ref'd n.r.e.).

"[A]ny intention to make **time of the essence** must be **clearly manifested** in the contract." *Shaw*, 879 S.W.2d at 246 (emphasis added). "The fact that [a] contract states a date for performance does not, of itself, mean that time is of the essence." *Argos Res., Inc.*, 693 S.W.2d at 664-65 (quoting *Laredo Hides Co., Inc.*, 513 S.W.2d at 217). In order to make time of the essence, a contract must so provide by express stipulation or there must be something in the nature of the subject matter or connected with the purpose of the contract and the circumstances surrounding it which makes it apparent that the parties intended that the contract be performed at or within the time specified. *Laredo Hides Co., Inc.*, 513 S.W.2d at

216.

In addition, when a contract does not expressly provide time is of the essence as here, the issue of whether time was of the essence is a fact issue. *Lockhart-Hutchens*, 434 S.W.2d at 456 (collecting cases); *Siderius, Inc*, 583 S.W.2d at 863; *In re: Theresa Caballero, Relator*, 441 S.W.2d 574 (Tex. App.—EI Paso 2014, no pet.).

This case should not have been decided on summary judgment. *Accord Ganz v. Lyons Pshp., L.P.*, 961 F. Supp. 981, 986 (N.D. Tex. 1997) (citing to *Lockhart-Hutchens*, "***[I]t is a question for the jury*** unless the contract expressly makes time of the essence, or the subject matter of the contract is such that the court may take judicial notice of the fact that the parties obviously intended for time to be of the essence.") (emphasis added).

At worst, this Court should reverse this case simply upon the standard of review.

### a. *There was no explicit statement that time was of the essence, and the nature of the contract did not require such performance, even though stated.*

The contract, in its entirety, is listed in the Clerk's record. *See* CR.220-27. At no point does it mention that time is of the essence. This case should be reversed on summary judgment as a matter of law construed on review against Chase, the Appellee, per the standard of review.

### b. *Nothing in the nature or the purpose of the contract, or the circumstances surrounding it, required the date of August 1 as the date of performance.*

7

First, the contract was not "in nature" or "in purpose" time dependent. It was a settlement agreement. CR.220-27. It was made between private parties. No third party's dependence on some specified action of the signatories is mentioned. The agreement facilitated a home belonging to Young to be kept by Young with payments still going to Chase. *Id.* There is nothing inherent about settlement agreements (i.e., in their nature) that demanded performance by August 1. If there is any doubt, it resolves against Chase, the Appellee (and movant below), in accordance with the standard of review.

Second, the circumstances of the agreement itself contemplated that dismissal documents might be filed at ***an indefinite time in the future.*** "Within fourteen (14) days of fully executing this Agreement, the Lawsuit will be abated until August 1, 2014, ***or until dismissal documents are filed with the Court***." CR.221 at ¶ 1.2 (emphasis added). This plainly could have taken much longer, even until the end of August or beyond, to file dismissal documents. No time period is specified. If there is any doubt, it resolves against Chase, the Appellee (and movant below), in accordance with the standard of review.

Further, Section 1.2.1, even following that, contemplates the potential of some delay as the parties exchange dismissal documents which, once signed, were to be sent "to the designated title company to hold in trust until payment of the Settlement Funds." The circumstances of the agreement thus do not contemplate a time frame that would prohibit a few days on the performance of the refinance. If

8

there is any doubt, it resolves against Chase, the Appellee (and movant below), in accordance with the standard of review.

**2.     Chase's unclean hands should prevent it from reaping a windfall here because it refused to provide a payoff in order for Young to comply with the non-waivable three-day right of rescission.**

Specific performance, the remedy awarded Chase, is an equitable remedy. *See* BLACK'S LAW DICTIONARY at 1435 (8th ed.). In order to invoke an equitable remedy, one must come to the court with clean hands (i.e., the "clean hands" doctrine. "The clean hands doctrine requires that one who seeks equity, does equity. Equitable relief is not warranted when the plaintiff has engaged in unlawful or inequitable conduct with regard to the issue in dispute." *In re Francis*, 186 S.W.3d 534, 551 (Tex. 2006). To invoke the clean hands doctrine, the party asserting the doctrine must be seriously harmed which cannot be corrected without asserting the doctrine. *See Dunnagan v. Watson*, 204 S.W.3d 30, 41 (Tex. App.—Fort Worth 2006, pet. denied).

As this Court stated in *Fox v. O'Leary*, "[t]he doctrine of "unclean hands" bars equitable relief sought by "one whose conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing." 2012 Tex. App. LEXIS 5714, *15-16 (Tex. App.—Austin July 10, 2012).

9

Here, Young's complaint is Chase, by its inaction, failed to send a payoff letter when requested because of an unwaivable 3-day right of rescission period imposed by federal law. CR.313-19 (Young's MSJ response); CR.320-21 (affidavit of loan officer that it was not customary for Chase to refuse to send a new payoff letter); CR.322-23 (affidavit of Young that unwaivable federal right of rescission prevented closing until shortly after August 1).

Chase's reply misdirected the trial court in discussing option periods, inapplicable here. CR.336-37. Their motion then attempts to reference a case where the deadline had a cure period (not like this contract); again, a misdirection. CR.337. Next, Chase references a third case in which the parties made an extension on a performance deadline; again, a misdirection. CR.339. This case did not have an option, did not have a cure period, and there was no extension; in fact, had there been a cure period or an extension, Young would have been able to fund the loan.

Chase then attempts to excuse its unclean hands. Unfortunately, the language of the agreement serves as Chase's own indictment:

> 12**. Further Acts.** In addition to the acts recited in this Agreement, the parties *agree to perform*, or cause to be performed on the date of this Agreement, or thereafter, *any and all such further acts as may be reasonably necessary to consummate the transactions contemplated in this Agreement.*

CR.223 (italics added)

10

This section, while including all of the other responsibilities of the agreement, on its face contemplates that the parties "agree to perform"—disjunctive from the following "or cause to be performed . . . ."—<u>anything</u> that would be "reasonably necessary" to accomplish the settlement. The payoff date was only going to be extended by three days.

Would "any and all such further acts" that "may be reasonably necessary" that Chase "agree[d] to perform" include merely sending a payoff letter? Yes!

Is it inequitable for Chase not to send it? Yes.

Is this a hardship for Young? Yes.

This house is Young's home. It's a home equity lien. Young must now face being without a home, and subsequent eviction. Chase has unclean hands and should not be permitted a windfall, the house, simply for failing to send a letter that would permit complying with federal law. If there is any doubt, it resolves against Chase, the Appellee (and movant below), in accordance with the standard of review.

## CONCLUSION

**For the foregoing reasons, Appellant asks the Court to:**

- ➤ Reverse this case and render judgment in favor of Young because time was not of the essence;

- ➤ Reverse any award of attorney's fees;

- ➤ Award Young any and all relief to which he is entitled in law or

11

equity.

                                        Respectfully submitted,

                                        */s/ Stephen Casey*

                                        Stephen Casey
                                        Texas Bar No. 24065015

                                        595 Round Rock West Drive, Suite 102
                                        Round Rock, Texas 78681
                                        Telephone: 512-257-1324
                                        Fax: 512-853-4098
                                        info@caseylawoffice.us

## CERTIFICATE OF COMPLIANCE

The preceding brief contains 2,431 words within the sections identified under Tex. R. App. P. 9.4, typed upon Microsoft Word for Mac 2011, Baskerville 14 point font.

                                        /s/ Stephen Casey
                                        Stephen Casey


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief and

accompanying Appendix has been served on all parties to the trial court judgment

on Thursday, August 27, 2015, efile and/or facsimile transmission:


Marcie L. Schout
Quilling, Selander, Lownds,
Winslett, & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201                          */s/ Stephen Casey*
mschout@qslwm.com                         Stephen Casey

12

# NO. 03-15-00261-CV

In the Third Court of Appeals

Austin, Texas

**DAVID YOUNG,** *APPELLANT*

*v.*

**JP MORGAN CHASE BANK**, *APPELLEE*

APPEAL FROM CAUSE NO. D-1-GN-12-000590
126TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS
HON. DARLENE BYRNE PRESIDING

# APPELLANT'S APPENDIX

Stephen Casey
Texas Bar No. 24065015

CASEY LAW OFFICE, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
info@caseylawoffice.us

*Counsel for Appellant*
*David Young*

i

# TABLE OF CONTENTS

1. Copy of final judgment ..............................................................................Tab A
2. Copy of Settlement Agreement .................................................................. Tab B

# TAB A

Filed in The District Court
of Travis County, Texas

FEB 05 2015

At _____ 2:31 p.m.

Velva L. Price, District Clerk

CAUSE NO. D-1-GN-12-000590

| | | |
|---|---|---|
| **JPMORGAN CHASE BANK N.A.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **200th JUDICIAL DISTRICT** |
| | § | |
| **THOMAS D. YOUNG A/K/A T.** | § | |
| **DAVID YOUNG, A SINGLE MAN,** | § | |
| **Defendant.** | § | **TRAVIS COUNTY, TEXAS** |

---

## AMENDED ORDER GRANTING PLAINTIFF'S
## TRADITIONAL MOTION FOR SUMMARY JUDGMENT

---

Before the Court is the Traditional Motion for Summary Judgment ("Motion") filed by JPMorgan Chase Bank, N.A., individually and as mortgage servicer for Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A. as Trustee for Long Beach Mortgage Loan Trust 2001-1, ("Plaintiff"). Based on the Motion—including supporting briefs and exhibits, any response or reply, the record, this Court's prior opinions and rulings, and the applicable law, the Court finds the Motion should be in all respects GRANTED.

It is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff is granted judgment against Thomas D. Young a/k/a T. David Young (the "Borrower") for judicial foreclosure as contemplated by the unambiguous terms of the Compromise Settlement Agreement and Release of Claims ("Settlement Agreement") as follows:

(a)     Plaintiff is hereby granted specific performance and Borrower is ORDERED to sign and return the Agreed Judgment incorporated as Exhibit C to the Settlement Agreement;

(b)     Plaintiff is hereby GRANTED *in rem* judgment against Borrower for foreclosure as specified in the Texas Home Equity Security Instrument ("Security

AMENDED ORDER                                                                PAGE 1

Instrument"), which encumbers property commonly known as 10336 West Darleen Drive, Leander, Texas and Settlement Agreement;

(c)      the Security Instrument is hereby foreclosed and the Property shall be sold by Sheriff or Constable pursuant to Texas Rule of Civil Procedure 309;

(d)      the proceeds of the sale shall be applied in payment of the amounts due to Plaintiff;

(e)      Plaintiff, or its assigns, are permitted to become a purchaser at the foreclosure sale; and

(f)      the Borrower and all persons claiming under him, after foreclosure of the Security Instrument, whether lien claimants, judgment creditors, claimants arising under junior deeds of trust, purchasers, encumbrances or otherwise, are hereby barred and foreclosed from all rights, claims, interest or equity of redemption in the Property and every part of the Property;

(g)      Plaintiff is hereby awarded reasonable attorneys' fees against the Borrower;

(h)      Plaintiff is hereby awarded taxable court costs and disbursements herein against the Borrower; and

(i)      Plaintiff is hereby awarded summary judgment on the Borrower's counterclaim for declaratory judgment, and that Borrower take nothing from this lawsuit.

It is further ORDERED, ADJUDGED, AND DECREED that Plaintiff is hereby granted *in rem* judgment against the Jon Ker, David Newman, and Equity Liaison Company, LLC (the "Purported Junior Lienholders") as follows:

(a)      Plaintiff has a valid and superior lien on the Property as evidenced by the Security Instrument;

(b)    the Deed of Trust is hereby foreclosed pursuant to TEXAS RULE OF CIVIL PROCEDURE 309 and judgment be made for the sale of the Property according to law by the Sheriff; and

(c)    the Purported Junior Lienholders, and all persons claiming under them, after foreclosure of the Security Instrument, whether lien claimants, judgment creditors, claimants arising under junior deeds of trust, purchasers, encumbrances or otherwise, are hereby barred and foreclosed from all rights, claims, interest or equity of redemption in the Property and every part of the Property.

All relief not expressly granted in this Order is hereby DENIED. This Order constitutes a final judgment and is immediately appealable.

SIGNED this 5 day of Feb , 2015.

_____
PRESIDING JUDGE

Agreed to and entry requested by:

*/s/ Rachel Lee Hytken*
WM. LANCE LEWIS
Texas Bar No. 12314560
RACHEL LEE HYTKEN
Texas Bar No. 24072163
**QUILLING, SELANDER, LOWNDS,**
**  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)

**ATTORNEYS FOR PLAINTIFF**

# TAB B

## COMPROMISE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Compromise Settlement Agreement and Release of Claims (the "Agreement") is made between Thomas D. Young a/k/a T. David Young ("Young") and JPMorgan Chase Bank, N.A. ("JPMC"), individually and as attorney-in-fact for Deutsche Bank National Trust Company, formerly known as Bankers Trust Company of California, N.A. as Trustee for Long Beach Mortgage Loan Trust 2001-1.

WHEREAS, on or about December 19, 2000, Young executed a Texas Home Equity Note (the "Note") payable to Long Beach Mortgage Company in the original principal amount of $337,500.00;

WHEREAS, on or about December 19, 2000, simultaneously with the execution of the Note, Young executed a Texas Home Equity Security Instrument ("Security Instrument") (collectively the "Note" and "Security Instrument" comprise the "Loan") which granted a lien interest (the "Deutsche Bank Lien") on property located at 10336 West Darleen Drive, Leander, Texas 78641, more particularly described as:

> Lot 52, Trails End, Lake Travis Subdivision, a Subdivision in
> Travis County, Texas, According to the Map or Plat of Record in
> Volume 4, Page 331, Plat Records of Travis County, Texas (the
> "Property");

WHEREAS, Long Beach Mortgage Company executed an Assignment of Lien to Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A. as Trustee for Long Beach Mortgage Loan Trust 2001-1 ("Deutsche Bank");

WHEREAS, on or about February 29, 2012, Cause No. D-1-GN-12-000590 was filed in the 200th District Court of Travis County, Texas against Young to obtain a judicial order of sale against the Property, and Young claimed the foreclosure was barred by the Statute of Limitations and that the Deed of Trust was unenforceable pursuant to Article XVI Section 50 of the Texas Constitution (the "Lawsuit");

WHEREAS, the parties now wish to avoid the risk, uncertainty, and cost of litigation, and desire to compromise and settle all claims and causes of action which the parties hold or may hold, upon the terms and provisions set forth below;

NOW, THEREFORE, in consideration of the above-stated premises, the mutual promises and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and as material conditions hereof, the parties agree to the following terms and conditions for settlement of these matters.

## 1. Consideration and Release.

1.1 Young agrees to sell or obtain a 3rd party take-out refinance of the indebtedness secured by the Deutsche Bank Lien on or before August 1, 2014, and Deutsche Bank agrees to accept a short payoff of the Loan in the amount of $220,000 on or before August 1, 2014 ("Settlement Funds"). Specifically, Young has designated the title company Netco, Inc., 7719 Wood Hollow Drive Ste. 157, Austin, TX 78731 ("Title Company") and escrow officer Dewayne Naumann ("Escrow Agent") to close the sale or refinance of the Property. Upon closing of the Property sale or refinance, Young agrees that the Escrow Agent shall promptly distribute $220,000 of the sale or 3rd party take-out refinance proceeds ("Settlement Funds") to Deutsche Bank c/o Wm. Lance Lewis, QSLWM, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201.

1.1.1 Deutsche Bank will deliver its closing instructions in the form labeled as Exhibit A (the "Closing Instructions") to Escrow Agent. As indicated in the Closing Instructions, Deutsche Bank will execute and deliver a full release of the Deutsche Bank Lien to the Escrow Agent at 7719 Wood Hollow Drive Ste. 157, Austin, TX 78731 within fourteen (14) days of receipt of the Settlement Funds. The Escrow Agent will record a copy of the release of lien in the official real property records of Travis County, Texas.

1.2 Within fourteen (14) days of fully executing this Agreement, the Lawsuit will be abated until August 1, 2014, or until dismissal documents are filed with the Court.

1.2.1 Upon and conditioned on receipt of the Settlement Funds in accordance with Paragraph 1.1, the Lawsuit will be dismissed with prejudice, with each party bearing its own costs. Counsel for Deutsche Bank and JPMC will return the signed dismissal documents, attached collectively as Exhibit B, to the designated title company to hold in trust until payment of the Settlement Funds. Counsel for Young will file the dismissal documents with the Court and send counsel for Deutsche Bank and JPMC a conformed copy of the order.

1.2.2 If Young fails to tender the Settlement Funds in accordance with Paragraph 1.1, Young agrees that Deutsche Bank shall have judgment for foreclosure. Young, through and under his attorney, will sign and return a copy of a judgment for foreclosure under the Texas Home Equity Security Instrument in the form attached as Exhibit C no later than August 8, 2014 to JPMC, c/o Wm. Lance Lewis, QSLWM, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201.

1.3     Young shall maintain his current hazard insurance policy, or an equivalent policy, and he is otherwise responsible for keeping the improvements now existing or hereafter erected on the Property insured against loss by fire, flood or any other hazards.

1.4     For and in consideration of the promises as provided in this Agreement and other good and valuable consideration, Young hereby forever and completely releases, acquits, and discharges JPMC and Deutsche Bank, as well as their respective predecessors, successors, and assigns, past and present officers, directors, agents, employee, subsidiaries, affiliates, and attorneys—including but not limited to Quilling, Selander, Lownds, Winslett and Moser, P.C., Wm. Lance Lewis and Rachel Lee Hytken, from any and all claims, counterclaims, defenses, causes of action, liabilities, interest, costs, expenses, attorneys' fees, or other damages of any kind or character, whether existing by statute, or at common law, accrued or unaccrued, direct or contingent, known or unknown, arising out of, or in any way asserted in, or which might have been asserted in, or which relates to, directly or indirectly the Loan, the Lien, the Property, or any other facts that were alleged or could have been alleged by Young in the Lawsuit.

1.5     Provided Deutsche Bank receives the Settlement Funds on or before August 1, 2014, for and in consideration of the aforementioned promises, Young's release of Deutsche Bank and JPMC, and other good and valuable consideration, JPMC and Deutsche Bank forever and completely release, acquit, and discharge Young from any claims asserted in the Lawsuit. If, however, Deutsche Bank does not receive the Settlement Funds on or before August 1, 2014, JPMC and Deutsche Bank will not release their claims asserted in the Lawsuit, and they shall have judgment for judicial foreclosure.

1.6     The parties represent and warrant they are the sole owners and holders of the claims released herein and that they have not sold, assigned, conveyed, or in any way transferred any of their rights in and to any of such claims and causes of action to any third party.

1.7     Both Parties hereby acknowledge the sufficiency of the consideration provided in this Agreement.

2.     **Compromise and Intention of Parties.** The Parties agree, as among them, that this is a compromise, resolution, and settlement of disputed claims and that such compromise, resolution, satisfaction, and settlement shall not be taken as an admission of liability, but rather, such liability has been expressly denied by the parties. No promise or inducement has been offered except as set forth herein. This Agreement is executed without reliance upon any oral, written,

express or implied representations, statements, promises, warranties, or other inducement of any nature or sort made by any person or party hereto, other than as is expressly set forth herein.

3.  **Binding Effect.** This Agreement shall inure to the benefit of, and shall be binding upon, the undersigned Parties and their respective heirs, executors, administrators, trustees, and successors.

4.  **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.

5.  **Voluntary Agreement.** Each of the parties acknowledges that this Agreement has been executed freely and voluntarily, without economic compulsion, and with full knowledge of its legal significance and consequences.

6.  **Severability.** This Agreement is intended to be severable. If any term, covenant, condition or provision hereof is illegal, invalid, or unenforceable for any reason whatsoever, such illegality, invalidity, or unenforceability shall not affect the legality, validity, or enforceability of the remaining parts of this Agreement.

7.  **Counterparts.** This Agreement may be executed in counterparts or with detachable signature pages and shall constitute one agreement, binding upon all the parties as if all the parties signed the same document.

8.  **Headings.** The headings used in this Agreement are intended solely for the convenience of reference, and should not in any manner amplify, limit, modify, or otherwise be used in the interpretation of any of the provisions of the Agreement.

9.  **Authority.** Each person(s) executing this Agreement as an agent or in a representative capacity warrants that he or she is duly authorized to do so.

10. **Entire Agreement.** This Agreement embodies, merges, and integrates all prior and current agreements and understandings of the Parties with regard to the Lawsuit, and may not be clarified, modified, changed, or amended except in writing signed by each and every one of the signatories hereto, or their authorized representatives.

11. **Survival.** All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

12. **Further Acts.** In addition to the acts recited in this Agreement, the parties agree to perform, or cause to be performed on the date of this Agreement, or thereafter, any and all such further acts as may be reasonably necessary to consummate the transactions contemplated in this Agreement.

13. **Not evidence.** This Agreement shall not be used as evidence in any proceeding other than one to enforce this Agreement, or one seeking damages arising from a breach of this Agreement or any administrative or legal action by The Internal revenue Service or other agency of the United States

14. **Tax Liability.** Young acknowledges that neither JPMC nor Deutsche Bank provided representations or advice to him regarding the tax consequences of this Agreement. Young, although denying there are any such tax liabilities, further agrees he will be responsible for any tax liabilities associated with his entry into this Agreement if any should be due.

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

SIGNATURE PAGES FOLLOW

_____
Thomas D. Young a/k/a T. David Young

STATE OF TEXAS       §
                      §
COUNTY OF _TRAVIS_   §

     BEFORE ME, the undersigned authority, on this day personally appeared THOMAS D. YOUNG A/K/A T. DAVID YOUNG known to me to be the individual whose name is subscribed above, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___9th___ day of ___April___, 2014.

**Jan Mayes**
**Commission Expires**
**12-21-2017**

_____
Notary Public In and For Said County and State

Commission Expires:

JPMorgan Chase Bank, N.A., as attorney-in-fact for Deutsche Bank National Trust Company, formerly known as Bankers Trust Company of California, N.A. as Trustee for Long Beach Mortgage Loan Trust 2001-1

By: _Oleune B Jones_

Its: _ASSISTANT SECRETARY_

STATE OF FLORIDA §
§
COUNTY OF DUVAL §

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared _Isolene B. Jones_, in his/her capacity as authorized agent for JPMorgan Chase Bank, N.A., as attorney-in-fact for Deutsche Bank National Trust Company, formerly known as Bankers Trust Company of California, N.A. as Trustee for Long Beach Mortgage Loan Trust 2001-1, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed, in the capacity therein stated, and as the act and deed of said entity.

GIVEN under my hand and seal of office this 30th day of April, 2014.

_____
Notary Public—In and For Said County and State
Edrenia Davis

(Seal)

My commission expires:

JAN 2 3 2018

EDRENIA DAVIS
MY COMMISSION # FF 082985
EXPIRES: January 23, 2018
Bonded Thru Notary Public Underwriters

38

JPMorgan Chase Bank, N.A.

By: _Odline Bjones_

Its: _ASSISTANT SECRETARY_

STATE OF FLORIDA §
                      §
COUNTY OF DUVAL §

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared _ISOLENE B. JONES_ , in his/her capacity as authorized agent for JPMorgan Chase Bank, N.A. known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed, in the capacity therein stated, and as the act and deed of said entity.

GIVEN under my hand and seal of office this 30th day of April , 2014.

_____
Notary Public—In and For Said County and State

Edrenia Davis

(Seal)

My commission expires:

JAN 23 2018



EDRENIA DAVIS
MY COMMISSION # FF 082985
EXPIRES: January 23, 2018
Bonded Thru Notary Public Underwriters